**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JAY MESSER, )<br>)<br>Petitioner, )<br>v. )<br>)<br>BILL WILSON, Superintendent, )<br>)<br>Respondent. ) | No. 1:08-cv-38-DFH-TAB |

**Entry Discussing Petition for Writ of Habeas Corpus**

For the reasons explained in this Entry, the petition of Jay Messer ("Messer") for a writ of habeas corpus is **denied** and this action must be **dismissed with prejudice.**

**I. Background**

On February 20, 2000, Messer shot James Clingerman in the head. At the time, Messer was a passenger in a car driven by Whitney Keesling and Clingerman was in a different automobile. The shooting occurred after Messer had attempted to antagonize Clingerman at a stoplight through a gesture and a comment. The jury rejected Messer's defense that the discharge of the gun was unintentional, and he was convicted of attempted murder and of obliterating handgun identification. Messer's convictions were affirmed on direct appeal in *Messer v. State,* No. 49A02-0106-CR-417 (Ind.Ct.App. June 6, 2002)(unpublished)(*Messer I*), and the trial court's denial of Messer's petition for post-conviction relief was likewise affirmed on appeal in *Messer v. State,* 2007 WL 986632 (Ind.Ct.App. April 4, 2007)(unpublished)(*Messer II*).

Messer now seeks a writ of habeas corpus.[1] His claims are that (1) he received ineffective assistance of trial counsel, and (2) the trial court committed errors in admitting evidence and instructing the jury on attempted murder.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* See *Conner v. McBride,* 375 F.3d 643, 649 (7th Cir. 2004). Review of Messer's habeas action is governed by the provisions of the Antiterrorism and

---

[1] Messer has not replied to the respondent's return to order to show cause. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

Effective Death Penalty Act of 1996 ("AEDPA"). *Lambert v. McBride,* 365 F.3d 557, 561 (7th Cir. 2004). Under the AEDPA, a claim adjudicated on the merits in a state court will form the basis for habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

A federal court may issue a writ of habeas corpus only if the state court reached a decision that was either contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *Julian v. Bartley,* 495 F.3d 487, 492 (7th Cir. 2007) (internal citations omitted)."This reasonableness determination is quite deferential, such that a state decision may stand as long as it is objectively reasonable, even if the reviewing court determines it to be substantively incorrect." *Barrow v. Uchtman,* 398 F.3d 597, 602 (7th Cir. 2005)(citation omitted); see also *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (state court decision must be objectively unreasonable). To be considered "unreasonable," a state court's decision must lie "well outside the boundaries of permissible differences of opinion." *Goodman v. Bertrand,* 467 F.3d 1022, 1028 (7th Cir. 2006). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)). "In assessing the reasonableness of the state court's decision, the federal court assumes that the state courts' factual determinations are correct unless the defendant rebuts them with clear and convincing evidence." *Julian*, 495 F.3d at 492.

## II.  Discussion

### A.  Ineffective Assistance of Counsel

Messer's first claim here is that his trial counsel rendered ineffective assistance. The clearly established federal law governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington,* 466 U.S. 668 (1984), and its progeny. See *Wiggins v. Smith,* 539 U.S. 510 (2003). Under the first *Strickland* prong, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. The second *Strickland* prong requires the petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*, at 688.

A federal habeas court does not apply the principles of *Strickland* directly, but instead analyzes whether the state courts reasonably applied federal law in concluding that counsel was not ineffective. See *Conner v. McBride,* 375 F.3d 643, 657 (7th Cir. 2004). "*Strickland* calls for inquiry into degrees," thereby "add[ing] a layer of respect for a state court's application of the legal standard." *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir.

2001). Accordingly, this court is required to deny the writ relative to this claim, at least as long as the Indiana courts "t[ook] the [constitutional standard] seriously and produce[d] an answer within the range of defensible positions." *Mendiola v. Schomig,* 224 F.3d 589, 591 (7th Cir. 2000). The Indiana Court of Appeals recognized the *Strickland* standard, examined the circumstances surrounding Messer's ineffectiveness claims, took the *Strickland* standard seriously and in each instance, produced an answer within the range of defensible positions.

*Defense Theory and Other Available Defenses.* Messer claims that his attorney was ineffective because he did not present a proper defense theory and did not consider other available defenses. The Indiana Court of Appeals correctly recognized the *Strickland* standard. *Messer II,* at \*2. The Indiana Court of Appeals explained that there is no dispute that Messer fired the gun, that the only viable strategy was a defense based on lack of intent and that this defense allowed counsel to ask the jury to find Messer not guilty of either attempted murder or aggravated battery. *Id.,* at \*3. The Indiana Court of Appeals explained, that "[t]herefore, defense counsel presented evidence that even though Messer was waving the gun around prior to discharging it, Keesling never saw him actually point and aim the gun. Kessling further informed the jury that Messer was intoxicated and that she believed the shooting to be an accident." *Id.* The Indiana Court of Appeals concluded that, "[i]n light of the facts presented at trial, we find that Messer's counsel cogently framed his defense of lack of intent. Therefore, we conclude that Messer did not show deficient performance in defense counsel's presentation of a theory of defense." *Id.*, at \*4. The Indiana Court of Appeals also reviewed the alternative theories of defense that Messer claims counsel should have considered and concluded that counsel effectively pursued the most viable defense available. *Id.*

*Continuance.* Messer claims that trial counsel failed to move for a continuance when the trial court ruled that defense counsel could not present mental health evidence because it related to diminished capacity. *Id.,* at \*5. The Indiana Court of Appeals explained that, "the decision not to seek a continuance is the kind of a strategic choice that is within the province of counsel, as would have been a decision by counsel to seek a continuance under these circumstances." *Id.*, at \*6 (quoting *Miller v. State*, 702 N.E.2d 1053, 1060 (Ind. 1998). The Indiana Court of Appeals concluded that Messer did not carry his burden under *Strickland* regarding this issue. *Id.* This assessment was at least minimally consistent with the facts and circumstances of the case or was one of several equally plausible outcomes, and hence Messer has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

*Counsel's Incompetence.* Messer also claims that counsel was incompetent to represent him at the time of trial. The Indiana Court of Appeals thoroughly assessed this claim, noting that counsel's personal difficulties did not interfere with his ability to represent Messer, counsel's representation "showed no signs of complacency, disinterest or lack of effort," there is no such thing as perfect trial performance, counsel was diligent in trial preparation, performance during trial and conduct during sentencing, and that "even if counsel believes that his performance was less than his best, the record does not support any ineffectiveness." *Id.,* at \*7.

*Mitigation Testimony at Sentencing.* Messer also claims that his attorney should have investigated and presented additional mitigating factors. However, the Indiana Court of Appeals noted that counsel presented testimony from Messer's family members, girlfriend and Messer himself. This testimony included the statement that Messer had been diagnosed with anxiety, panic attacks and depression and that on the night of the crime, Messer mixed drugs and alcohol up to the level of amnesia. The Indiana Court of Appeals also noted that counsel argued in closing that Messer had a significant mental and emotional problem which led him to purchase the weapon. *Id.* The Indiana Court of Appeals concluded that "[i]n light of the evidence before us, we conclude that defense counsel acted reasonably and thorough during the sentencing stage of Messer's trial." *Id.*

The Indiana Court of Appeals reasonably applied the *Strickland* standard, and did not reach a result which was either "contrary to" or an "unreasonable application of" *Strickland* in addressing each of Messer's ineffectiveness claims. Because "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus," *Holman v. Gilmore,* 126 F.3d 876, 882 (7th Cir. 1997) (citations omitted), and because no such clear error–and no error at all–occurred in *Messer II,* Messer is not entitled to federal habeas relief based on his specifications of ineffective assistance of counsel.

## B.  Admission of Prior Inconsistent Statement.

Messer argues that Whitney Keesling's statement to police following the crime was materially different from her testimony at trial. However, no objection was made to this testimony during trial. See *Messer I*, at p.5.

This waiver constitutes procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992)(procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's "*actual* and substantial disadvantage,"; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); see also *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002). This finding of procedural default limits the availability of federal relief. See *Conner v. McBride,* 375 F.3d at 649 (internal citations omitted). Here, Messer does not overcome the procedural hurdle in the finding of waiver, and therefore, he is not entitled to relief on this claim.

## C.  Jury Instruction on Attempted Murder.

Messer argues that the trial court improperly instructed the jury on attempted murder because it allowed the jury to find intent to kill from acts that constitute only knowing or reckless conduct. The respondent argues that this claim presents solely a question of state law. The AEDPA posits reference to "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and 28 U.S.C. § 2254(a) itself makes federal habeas relief contingent on a violation of "the Constitution or laws   .

4

. . of the United States." See *Rose vs. Hodges,* 423 U.S. 19, 21 (1975)("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). This by necessity excludes alleged violations of state law from the scope of § 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 112 S. Ct. 475, 480 (1991)).   Regardless of this point, however, the Indiana Court of Appeals reasonably concluded the jury instruction "twice specified that Messer must have specifically intended to kill the victim." *Messer I,* at 10.

### III. Conclusion

Messer's conviction withstood challenge in the Indiana courts, and thus a presumption of constitutional regularity attaches to it. See *Farmer v. Litscher,* 303 F.3d 840, 845 (7th Cir. 2002) (citing *Parke v. Raley,* 506 U.S. 20, 29-30 (1992)); *Milone v. Camp,* 22 F.3d 693, 698-99 (7th Cir. 1994) ("Federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law").[2] This court has carefully reviewed the state court record in light of Messer's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Messer to relief in this action. His petition for a writ of habeas corpus is therefore **denied.** Judgment consistent with this Entry shall now issue.

So ordered.

*[signature: David F. Hamilton]*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   10/17/2008

---

[2] Obviously, this is not a presumption related to the AEDPA, but is "the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke v. Raley,* 506 U.S. at 29 (citing *Johnson v. Zerbst,* 304 U.S. 458, 464, 468 (1938)).